# CIRCUIT COURT OF THE CITY OF RICHMOND

In re Adoption of
Skylar Jane McDaniel

March 27, 2013

Case No. CA13-7

BY JUDGE MELVIN R. HUGHES, JR.

There was a hearing last week on a Petition for Adoption filed by husband and wife, Derek Jackson Rowe and Sarah Katherine Rowe. The Petition seeks leave to adopt the subject minor child age 4 and change of name, the said child having been born to Sarah Katherine Rowe and Joseph McDaniel. Appearing were the Petitioners and Joseph McDaniel, the biological father, who opposed the relief. Upon the conclusion of the hearing, the Court took the matter under advisement.

Petitioners seek adoption pursuant to Va. Code § 63.2-1202(H) on the ground of abandonment by the father, Joseph McDaniel, or, alternatively, under Va. Code §§ 63.2-1203 and 63.2-1205 on the ground that consent is withheld contrary to the best interests of the child. The Petitioners are married and have a child born to them.

As stated at the conclusion of the evidence, the Petition will be denied under Va. Code § 63.2-1202(H) due to the failure of proof on the issue of abandonment by the father under the directed standard of clear and convincing evidence.

With respect to consent withheld contrary to the best interests of the child under Va. Code §§ 63.2-1203 and 63.2-1205, the alternative ground asserted by the Petitioners, the Petition will be denied. Under the factors listed to be considered consistent with the best interests of the child, there is evidence that the father, Joseph McDaniel, has exerted an effort to maintain legal and physical custody of the child, is willing to assume custody although the child's present custodial environment with the mother, Sarah Katherine Rose, and stepfather is suitable. The Court considers that a permanent change of custody by adoption under these two statutes would affect the ability of the father, Joseph McDaniel, to maintain contact with the child, which he expressed a willingness to continue as the biological parent in the child's best interest.

In addition, the Court finds that the birth father, although beset with conditions, some of his own making, which have prevented his ability to

fully provide for the child, has nonetheless maintained an interest in legal and physical custody, that the birth father is willing to assume custody of the child, that the birth parents, for a time following the child's birth, lived together, only later to have developed strained relations, that the birth father could not contact his daughter because he could not contact her mother due to a protective order, although, as noted, that the child's current custodial environment with her mother and stepfather are suitable.

For these reasons, the Petition is denied.